# EXHIBIT A

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG 1·1 2021

BY _____
JUSTIN MANASSEE, DEPUTY

1  Matthew R. Bainer, Esq. (SBN 220972)
   **THE BAINER LAW FIRM**
2  1901 Harrison St., Suite 1100
   Oakland, California 94612
3  Telephone:    (510) 922-1802
   Facsimile:    (510) 844-7701
4  mbainer@bainerlawfirm.com

5  Attorneys for Plaintiff Dallan Escobar

6

7             SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                 FOR THE COUNTY OF SAN BERNARDINO

9

10 | DALLAN ESCOBAR, individually and on   | Case No.:   **CIV SB 2 1 2 3 0 6 6**
   | behalf of others similarly situated,

11                                          **CLASS ACTION COMPLAINT**

                  Plaintiff,
12                                          (1) Violation of California Labor Code §§ 510
                  vs.                           and 1198 (Unpaid Overtime);
13                                          (2) Violation of California Labor Code
   AMAZON.COM, LLC, a Delaware                  §§ 1194, 1197, and 1197.1 (Unpaid
14 corporation, AMAZON LOGISTICS, INC.,         Minimum Wages);
   a Delaware corporation, and DOES 1     (3) Violation of California Labor Code
15 through 100, inclusive,                      §§ 226.7 and 512(a) (Unpaid Meal Period
                                                Premiums);
16                Defendants.               (4) Violation of California Labor Code § 226.7
                                                (Unpaid Rest Period Premiums);
17                                          (5) Violation of California Labor Code §§ 201
                                                and 202 (Wages Not Timely Paid Upon
18                                              Termination);
                                            (6) Violation of California Labor Code §
19                                              226(a) (Non-Compliant Wage Statements);
                                            (7) Violation of California Labor Code § 2802
20                                              (Reimbursement of Business Expenses)
                                                and
21                                          (8) Violation of California Business &
                                                Professions Code §§ 17200, et seq.
22
                                            **Jury Trial Demanded**
23

24

25

26

27

28



AUG 1 1 2021

SUPERIOR COURT
SAN BERNARDINO COUNTY

CIV SB 2 1 2 3 0 6 6

1  Plaintiff, individually and on behalf of all other members of the public similarly
2  situated, alleges as follows:

3  **JURISDICTION AND VENUE**

4  1.  This class action is brought pursuant to California Code of Civil Procedure
5  section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal
6  jurisdiction limits of the Superior Court and will be established according to proof at trial.

7  2.  This Court has jurisdiction over this action pursuant to the California
8  Constitution, Article VI, section 10. The statutes under which this action is brought do not
9  specify any other basis for jurisdiction.

10  3.  This Court has jurisdiction over all Defendants because, upon information and
11  belief, Defendants are either citizens of California, have sufficient minimum contacts in
12  California, or otherwise intentionally avail themselves of the California market so as to render
13  the exercise of jurisdiction over them by the California courts consistent with traditional
14  notions of fair play and substantial justice.

15  4.  Venue is proper in this Court because Defendants employed Plaintiff and other
16  class members and continue to employ other class members in this county and thus a
17  substantial portion of the transactions and occurrences related to this action occurred in this
18  county. Cal. Civ. Proc. Code § 395.

19  **THE PARTIES**

20  5.  Plaintiff Dallan Escobar performed employment services in the State of
21  California, including in Ontario, California, in San Bernardino County.

22  6.  Defendants Amazon.Com LLC and Amazon Logistics, Inc. (collectively
23  "Amazon") was and is, upon information and belief, a Delware corporation and, at all times
24  hereinafter mentioned, an employer whose employees are engaged throughout this county, the
25  State of California, or the various states of the United States of America.

26  7.  Plaintiff is unaware of the true names or capacities of the Defendants sued
27  herein under the fictitious names DOES 1 through 100 but will seek leave of this Court to
28  amend the complaint and serve such fictitiously named Defendants once their names and

CIV SB 2 1 2 3 0 6 6

1 capacities become known.

2     8.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through

3 100 are the partners, agents, owners, shareholders, managers or employees of Amazon at all

4 relevant times.

5     9.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

6 acts and omissions alleged herein were performed by, or are attributable to, Amazon and/or

7 DOES 1 through 100 (collectively "Defendants"), each acting as the agent, employee, alter

8 ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and

9 was acting within the course and scope of such agency, employment, joint venture, or

10 concerted activity with legal authority to act on the others' behalf. The acts of any and all

11 Defendants represent and were in accordance with Defendants' official policy.

12     10.    At all relevant times, Defendants, and each of them, ratified each and every act

13 or omission complained of herein. At all relevant times, Defendants, and each of them, aided

14 and abetted the acts and omissions of each and all the other Defendants in proximately causing

15 the damages herein alleged.

16     11.    Plaintiff is informed and believes, and thereon alleges, that each of said

17 Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

18 omissions, occurrences, and transactions alleged herein.

19 **CLASS ACTION ALLEGATIONS**

20     12.    Plaintiff brings this action on his own behalf, as well as on behalf of each and

21 all other persons similarly situated, and thus, seeks class certification under California Code of

22 Civil Procedure section 382.

23     13.    All claims alleged herein arise under California law for which Plaintiff seeks

24 relief authorized by California law.

25     14.    Plaintiff's proposed class consists of and is defined as follows:

26         All individuals who worked for Defendants in the state of
California as Amazon Relay Drivers, or other similar position
27         titles, at any time during the period from four years prior to the
filing of this Complaint until the date of certification ("Class").
28

CIV SB 2 1 2 3 0 6 6

15.   Members of the Class will hereinafter be referred to as "class members."

16.   Plaintiff reserves the right to redefine the Class and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

17.   There are common questions of law and fact as to the class members that predominate over questions affecting only individual members, including, but not limited to:

    (a)   Whether Defendants required Plaintiff and class members to work off-the-clock without payment;

    (b)   Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiffs and class members;

    (c)   Whether Defendants failed to pay at least minimum wages for all hours worked by Plaintiff and class members;

    (d)   Whether Defendants deprived Plaintiff and class members of meal periods or required Plaintiff and class members to work during meal periods without compensation;

    (e)   Whether Defendants deprived Plaintiff and class members of rest periods or required Plaintiff and class members to work during rest periods without compensation;

    (f)   Whether Defendants complied with wage reporting as required by California Labor Code section 226(a);

    (g)   Whether Defendants failed to pay all vested and unused vacation pay due to Plaintiff and class members upon their discharge;

    (h)   Whether Defendants failed to timely pay wages due to Plaintiff and class members during their employment, including meal and rest period premium wages;

    (i)   Whether Defendants failed to timely pay wages due to class members upon their discharge, including meal and rest period premium wages;

CIV SB 2 1 2 3 0 6 6

(j)     Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful or reckless;

(k)     Whether Defendant failed to reimburse Plaintiff and class members for business expenses incurred in the discharge of their work duties;

(l)     Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(m)     The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

18.    There is a well-defined community of interest in the litigation and the class is readily ascertainable:

(a)     <u>Numerosity</u>:  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be over forty and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)     <u>Typicality</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' as demonstrated herein.

(c)     <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and throughout the duration of this action, will

CLASS ACTION COMPLAINT

1       continue to incur costs and attorneys' fees that have been, are and will

2       be necessarily expended for the prosecution of this action for the

3       substantial benefit of each class member.

4       (d)     Superiority: The nature of this action makes the use of class action

5       adjudication superior to other methods. A class action will achieve

6       economies of time, effort, and expense as compared with separate

7       lawsuits, and will avoid inconsistent outcomes because the same issues

8       can be adjudicated in the same manner and at the same time for the

9       entire class.

10      (e)     Public Policy Considerations: Employers in the State of California

11      violate employment and labor laws every day. Current employees are

12      often afraid to assert their rights out of fear of direct or indirect

13      retaliation. Former employees are fearful of bringing actions because

14      they believe their former employers might damage their future

15      endeavors through negative references and/or other means. Class

16      actions provide the class members who are not named in the complaint

17      with a type of anonymity that allows for the vindication of their rights at

18      the same time as their privacy is protected.

19      **GENERAL ALLEGATIONS**

20      19.     Amazon is the largest provider of logistics and delivery services in North

21      America. Amazon has and continues to provide these services to clients throughout the state

22      of California through its "Amazon Relay" program

23      20.     Defendants employed Plaintiff as an Amazon Relay Driver charged with

24      delivering products to and on behalf of Amazon customers in the County of San Bernardino

25      from approximately February 2019 to 2020.

26      21.     In employing Plaintiff, Defendant's misclassified him as an "independent

27      contractor" and, on that basis, denied Plaintiff basic statutory rights and protections provided

28      to all California employees and complained of more fully herein.

22. Defendants continue to employ employees in the position of Amazon Relay Drivers, and similar positions, who are similarly classified as "independent contractors" throughout California.

23. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

24. Plaintiff is informed and believes, and thereon alleges, that employees were not paid for all hours worked because all hours worked were not recorded.

25. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

26. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages for compensation and that, in violation of the California Labor Code, they were not receiving at least minimum wages for work done off-the-clock.

27. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiff and other class members' regular rate of pay when they did not receive a timely, uninterrupted meal period, and that they did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff and other class members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all rest periods or payment of one (1) additional hour of pay at Plaintiff and other class members' regular rate of pay when a rest period was missed, and that they did not receive all rest periods

CIV SB 2 1 2 3 0 6 6

1   or payment of one (1) additional hour of pay at Plaintiff and other class members' regular rate

2   of pay when a rest period was missed.

3      29. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

4   should have known that Plaintiff and other class members were entitled to receive complete

5   and accurate wage statements in accordance with California law.  In violation of the California

6   Labor Code, Plaintiff and other class members were not provided with complete and accurate

7   wage statements.

8      30. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

9   should have known that Plaintiff and other class members were entitled to timely payment of

10  wages during their employment.  In violation of the California Labor Code, Plaintiff and other

11  class members did not receive payment of all wages, including, but not limited to meal and

12  rest period premium wages, within permissible time periods.

13     31. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

14  should have known that terminated class members were entitled to timely payment of wages

15  upon termination.  In violation of the California Labor Code, terminated class members did

16  not receive payment of all wages within permissible time periods.

17     32. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

18  should have known that class members were entitled to be fully reimbursed for all necessary

19  and reasonable business expenses incurred while completing their job duties. In violation of

20  the California Labor Code, Plaintiff and other class members did not receive reimbursement

21  for all expenses reasonably and necessarily incurred in the performance of their job duties.

22     33. Plaintiff is informed and believes, and thereon alleges, that at all times herein

23  mentioned, Defendants knew or should have known that they had a duty to compensate

24  Plaintiff and other members of the class, and that Defendants had the financial ability to pay

25  such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely

26  represented to Plaintiff and other class members that they were properly denied wages, all in

27  order to increase Defendants' profits.

28

CLASS ACTION COMPLAINT

CIV SB 2 1 2 3 0 6 6

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime

### (Against All Defendants)

34.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

35.     California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

36.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

37.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

38.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members employed by Defendants, and working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.

39.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in

CIV SB 2 1 2 3 0 6 6

1 excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day
2 of work.

3     40.    During the relevant time period, Plaintiff and class members worked in excess
4 of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty
5 (40) hours in a week. Despite this work, Defendant did not compensate Plaintiff and Class
6 members the applicable overtime compensation rate for this work.

7     41.    Defendants' failure to pay Plaintiff and class members the unpaid balance of
8 overtime compensation, as required by California law, violates the provisions of California
9 Labor Code sections 510 and 1198, and is therefore unlawful.

10     42.    Pursuant to California Labor Code section 1194, Plaintiff and class members
11 are entitled to recover their unpaid overtime compensation, as well as interest, costs, and
12 attorneys' fees.

13               **SECOND CAUSE OF ACTION**

14 **Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages**
15 **(Against All Defendants)**

16     43.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each
17 and every allegation set forth above.

18     44.    At all relevant times, California Labor Code sections 1194, 1197 and 1197.1
19 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is
20 the minimum wage to be paid to employees, and the payment of a wage less than the
21 minimum so fixed is unlawful. Defendants regularly required Plaintiff and class members to
22 work off-the-clock. Defendants did not pay at least minimum wages for all of these off-the-
23 clock hours. Also, to the extent that these off-the-clock hours did not qualify for overtime
24 premium payment, Defendants did not pay minimum wages for those hours worked off-the-
25 clock in violation of California Labor Code sections 1194, 1197, and 1197.1.

26     45.    Defendants' failure to pay Plaintiff and class members the minimum wage as
27 required violates California Labor Code sections 1194, 1197 and 1197.1. Pursuant to those
28 sections, Plaintiff and class members are entitled to recover the unpaid balance of their

1     minimum wage compensation, as well as interest, costs, and attorney's fees.

2       46.    Pursuant to California Labor Code section 1194.2, Plaintiff and class members

3 are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid

4 and interest thereon.

5                               **THIRD CAUSE OF ACTION**

6    **Violations of California Labor Code §§ 226.7 and 512(a)—Unpaid Meal Period**

7                                   **Premiums**

8                            **(Against All Defendants)**

9       47.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

10 and every allegation set forth above.

11       48.    At all relevant times herein set forth, the applicable California Industrial

12 Welfare Commission (IWC) Wage Order(s) and California Labor Code sections 226.7 and

13 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants

14 and each of them.

15       49.    At all relevant times herein set forth, California Labor Code section 226.7

16 provides that no employer shall require an employee to work during any meal period

17 mandated by an applicable order of the California Industrial Welfare Commission (IWC).

18       50.    At all relevant times herein set forth, California Labor Code section 512(a)

19 provides that an employer may not require, cause, or permit an employee to work for a period

20 of more than five (5) hours per day without providing the employee with a meal period of not

21 less than thirty (30) minutes, except that if the total work period per day of the employee is

22 not more than six (6) hours, the meal period may be waived by mutual consent of both the

23 employer and the employee.

24       51.    During the relevant time period, Plaintiff and other class members scheduled to

25 work for a period of time no longer than six (6) hours, and who did not waive their legally

26 mandated meal periods by mutual consent, were required to work for periods longer than five

27 (5) hours without a meal period of not less than thirty (30) minutes.

28       52.    During the relevant time period, Defendants willfully required Plaintiff and

1  other class members to work during meal periods and failed to compensate them for work

2  performed during meal periods. For example, Defendants had a policy and/or practice of

3  failing to schedule customer appointments and to properly coordinate employee schedules

4  such that Plaintiff and other class members were relieved of all duties and permitted to take

5  compliant meal breaks. Instead, Plaintiff and other class members were required to work

6  through meal periods, cut their meal periods short, suffer interruptions during meal periods,

7  and/or take meal periods after the fifth hour of work because of Defendants' practices.

8  Defendants then failed to pay Plaintiff and other class members all meal period premiums due

9  pursuant to California Labor Code section 226.7.

10      53.   Defendants' conduct violates applicable Industrial Welfare Commission (IWC)

11  Wage Order(s), and California Labor Code sections 226.7 and 512(a).

12      54.   Pursuant to the applicable Industrial Welfare Commission (IWC) Wage

13  Order(s) and California Labor Code section 226.7(b), Plaintiff and other class members are

14  entitled to recover from Defendants one (1) additional hour of pay at the employee's regular

15  hourly rate of compensation for each work day that the meal period was not provided.

16  **FOURTH CAUSE OF ACTION**

17  **Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums**

18  **(Against All Defendants)**

19      55.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each

20  and every allegation set forth above.

21      56.   At all relevant times herein set forth, the applicable IWC Wage Order and

22  California Labor Code section 226.7 were applicable to Plaintiff's and class members'

23  employment by Defendants.

24      57.   At all relevant times, California Labor Code section 226.7 provides that no

25  employer shall require an employee to work during any rest period mandated by an applicable

26  order of the California IWC.

27      58.   At all relevant times, the applicable IWC Wage Order provides that "[e]very

28  employer shall authorize and permit all employees to take rest periods, which insofar as

CIV SB 2 1 2 3 0 6 6

1    practicable shall be in the middle of each work period" and that the "rest period time shall be

2    based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

3    hours or major fraction thereof" unless the total daily work time is less than three and one-half

4    (3½) hours.

5         59.    During the relevant time period, Defendants required Plaintiff and class

6    members to work four (4) or more hours without authorizing or permitting a ten (10) minute

7    rest period per each four (4) hour period worked.  As with meal periods, Defendants failure to

8    properly staff and coordinate customer appointments lead to their being unable to take

9    compliant rest breaks, even where they had knowledge about their rest break rights.

10   Defendants then failed to pay Plaintiff and class members the full rest period premium due

11   pursuant to California Labor Code section 226.7.  As a result, Defendants failed to pay

12   Plaintiff and other class members rest period premiums in violation of California Labor Code

13   section 226.7.

14        60.    During the relevant time period, Defendants failed to pay Plaintiff and class

15   members the full rest period premium due pursuant to California Labor Code section 226.7.

16        61.    Defendants' conduct violates the applicable IWC Wage Orders and California

17   Labor Code section 226.7.

18        62.    Pursuant to the applicable IWC Wage Order and California Labor Code section

19   226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1)

20   additional hour of pay at the employee's regular hourly rate of compensation for each work

21   day that the rest period was not provided.

22   **FIFTH CAUSE OF ACTION**

23   **Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon**

24   **Termination**

25   **(Against All Defendants)**

26        63.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

27   and every allegation set forth above.

28        64.    This cause of action is wholly derivative of and dependent upon the unpaid

CIV SB 2 1 2 3 0 6 6

1    wage claims set forth for unpaid overtime wages, unpaid minimum wages, and unpaid meal

2    and rest period premium wages, which remained unpaid upon termination of terminated class

3    members' employment.

4    65.    At all times herein set forth, California Labor Code sections 201 and 202

5    provide that if an employer discharges an employee, the wages earned and unpaid at the time

6    of discharge are due and payable immediately, and that if an employee voluntarily leaves his

7    or her employment, his or her wages shall become due and payable not later than seventy-two

8    (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of

9    his or her intention to quit, in which case the employee is entitled to his or her wages at the

10   time of quitting.

11   66.    During the relevant time period, Defendants willfully failed to pay class

12   members who are no longer employed by Defendants the earned and unpaid wages set forth

13   above, including but not limited to, overtime wages, minimum wages, and meal and rest

14   period premium wages, either at the time of discharge, or within seventy-two (72) hours of

15   their leaving Defendants' employ.

16   67.    Defendants' failure to pay those class members who are no longer employed by

17   Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72)

18   hours of their leaving Defendants' employ, is in violation of California Labor Code sections

19   201 and 202.

20   68.    California Labor Code section 203 provides that if an employer willfully fails

21   to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

22   shall continue as a penalty from the due date, and at the same rate until paid or until an action

23   is commenced; but the wages shall not continue for more than thirty (30) days.

24   69.    Terminated class members are entitled to recover from Defendants the statutory

25   penalty wages for each day they were not paid, at their regular hourly rate of pay, up to a

26   thirty (30) day maximum pursuant to California Labor Code section 203.

27

28

CIV SB 2 1 2 3 0 6 6

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements**

**(Against All Defendants)**

70.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

71.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, total hours worked, and all applicable hourly rates.

72.     Defendants have intentionally and willfully failed to provide employees with or retain complete and accurate wage statements. The deficiencies include, among other things, failing to state the total amount of hours worked, failing to state all wages owed or paid including but not limited to, overtime wages, minimum wages, and meal and rest period premium wages as a result of failing to properly record meal period violations and/or premiums. Further, in violation of California Labor Code section 226(a), Defendants do not maintain on file a copy of the itemized statements provided to employees or a computer-generated record that accurately shows gross wages earned for all hours worked and not recorded, total hours worked by the employee as a result of working off the clock and not recording those hours, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee as required by California Labor Code section 226(a).

73.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and class members have suffered injury and damage to their statutorily protected rights.

74.     Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage

CIV SB 2 1 2 3 0 6 6

1   statements under California Labor Code section 226(a). In addition, because Defendants

2   failed to provide the accurate number of total hours worked on wage statements, Plaintiff has

3   been prevented by Defendants from determining if all hours worked were paid and the extent

4   of the underpayment. Plaintiff has had to file this lawsuit, conduct discovery, reconstruct time

5   records, and perform computations in order to analyze whether in fact Plaintiff was paid

6   correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and

7   lost time. Plaintiff would not have had to engage in these efforts and incur these costs had

8   Defendants provided the accurate number of total hours worked. This has also delayed

9   Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

10        75.    Plaintiff and class members are entitled to recover from Defendants the greater

11   of their actual damages caused by Defendants' failure to comply with California Labor Code

12   section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

13   employee.

<b>SEVENTH CAUSE OF ACTION</b>

<b>Violation of California Business & Professions Code § 2802, <i>et seq.</i></b>

<b>(Against All Defendants)</b>

17        76.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

18   and every allegation set forth above.

19        77.    Labor Code§ 2802 provides that "[a]n employer shall indemnify his or her

20   employee for all necessary expenditures or losses incurred by the employee in direct

21   consequence of the discharge of his or her duties."

22        78.    In order to discharge their duties for Defendants, Plaintiff and Class Members

23   have incurred reasonable and necessary expenses in the course of completing their job duties,

24   which were not reimbursed by Defendants.

25        79.    Plaintiff and Class Members are entitled to reimbursement for these necessary

26   expenditures, plus interest and attorneys' fees and costs, under Labor Code§ 2802.

27

28

CLASS ACTION COMPLAINT

CIV SB 2 1 2 3 0 6 6

**EIGHTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.***

**(Against All Defendants)**

80.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

81.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff class members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

82.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

83.     A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

(a)     Requiring non-exempt employees, including Plaintiff and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198 and the applicable Industrial Welfare Commission Order;

(b)     Failing to pay at least minimum wage to Plaintiff and class members in violation of California Labor Code sections 1194, 1197 and 1197.1 and the applicable Industrial Welfare Commission Order;

(c)     Failing to provide meal and rest periods or to pay premium wages for missed meal and rest periods to Plaintiff and class members in violation of California Labor Code sections 226.7 and 512 and the applicable Industrial Welfare Commission Order;

(d)     Failing to provide Plaintiff and class members with accurate wage statements in violation of California Labor Code section 226(a) and the

CIV SB 2 1 2 3 0 6 6

applicable Industrial Welfare Commission Order;

(e)   Failing to reimburse Plaintiff and class members for all necessary and reasonable business expenses incurred in the performance of their job duties and

(f)   Failing to timely pay all earned wages to Plaintiff and class members in violation of California Labor Code section 204 and the applicable Industrial Welfare Commission Order as set forth below.

84.   California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

85.   California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. During the relevant time period, Defendants failed to pay Plaintiff and class members all wages due to them, including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within any time period specified by California Labor Code section 204.

86.   Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

1 | class members; an award of attorneys' fees pursuant to California Code of Civil Procedure
2 | section 1021.5 and other applicable laws; and an award of costs.

3 | **REQUEST FOR JURY TRIAL**

4 | Plaintiff requests a trial by jury.

5 | **PRAYER FOR RELIEF**

6 | Plaintiff, on behalf of all others similarly situated, pray for relief and judgment against
7 | Defendants, jointly and severally, as follows:

8 | 1.    For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in
9 | excess of twenty-five thousand dollars ($25,000).

10 | **Class Certification**

11 | 2.    That this case be certified as a class action;

12 | 3.    That Plaintiff be appointed as the representative of the Class;

13 | 4.    That counsel for Plaintiff be appointed as Class Counsel.

14 | **As to the First Cause of Action**

15 | 5.    That the Court declare, adjudge, and decree that Defendants violated California
16 | Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to
17 | pay all overtime wages due to Plaintiff and class members;

18 | 6.    For general unpaid wages at overtime wage rates and such general and special
19 | damages as may be appropriate;

20 | 7.    For pre-judgment interest on any unpaid overtime compensation commencing
21 | from the date such amounts were due;

22 | 8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to
23 | California Labor Code section 1194(a); and

24 | 9.    For such other and further relief as the Court may deem equitable and
25 | appropriate.

26 | **As to the Second Cause of Action**

27 | 10.    That the Court declare, adjudge and decree that Defendants violated California
28 | Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to

CIV SB 2 1 2 3 0 6 6

1   Plaintiff and class members;

2       11.     For general unpaid wages and such general and special damages as may be

3   appropriate;

4       12.     For pre-judgment interest on any unpaid compensation from the date such

5   amounts were due;

6       13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

7   California Labor Code section 1194(a);

8       14.     For liquidated damages pursuant to California Labor Code section 1194.2; and

9       15.     For such other and further relief as the Court may deem equitable and

10  appropriate.

11                          **As to the Third Cause of Action**

12      16.     That the Court declare, adjudge, and decree that Defendants violated California

13  Labor Code sections 226.7 and 512(a) and applicable Industrial Welfare Commission (IWC)

14  Wage Order(s) by willfully failing to provide all meal periods to Plaintiff and class members;

15      17.     That the Court make an award to the Plaintiff and class members of one (1)

16  hour of pay at each employee's regular rate of compensation for each workday that a meal

17  period was not provided;

18      18.     For all actual, consequential, and incidental losses and damages, according to

19  proof;

20      19.     For premiums pursuant to California Labor Code section 226.7(b);

21      20.     For pre-judgment interest on any unpaid meal period premiums from the date

22  such amounts were due; and

23      21.     For such other and further relief as the Court may deem equitable and

24  appropriate.

25                          **As to the Fourth Cause of Action**

26      22.     That the Court declare, adjudge and decree that Defendants violated California

27  Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

28  rest periods to Plaintiff and class members;

CIV SB 2 1 2 3 0 6 6

23. That the Court make an award to the Plaintiff and class members of one (l) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

24. For all actual, consequential, and incidental losses and damages, according to proof;

25. For premiums pursuant to California Labor Code section 226.7(b);

26. For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due; and

27. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

28. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all overtime wages, minimum wages, and meal and rest period premium wages owed at the time of termination of the employment of Plaintiff and other class members no longer employed by Defendants.

29. For all actual, consequential and incidental losses and damages, according to proof;

30. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and all other class members who have left Defendants' employ;

31. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

32. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

33. That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and class members, and willfully failed to provide accurate itemized wage statements thereto;

CIV SB 2 1 2 3 0 6 6

34.    For all actual, consequential and incidental losses and damages, according to proof;

35.    For statutory penalties and injunctive relief pursuant to California Labor Code section 226(e) and (h); and

36.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Seventh Cause of Action**

37.    That the Court declare that Defendants' policies and/or practices violate California law by failing to reimburse all business expenses incurred by Plaintiff and class members in the discharge of their duties as employees of Defendants violates California Labor Code § 2802;

38.    For all actual, consequential and incidental losses and damages, according to proof;

39.    For an award of damages in the amount of unpaid unreimbursed business expenses, pursuant to California Labor Code Section 2802, according to proof;

40.    For pre-judgment interest on any unpaid unreimbursed business expenses from the date such amounts were due; and

41.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Eighth Cause of Action**

42.    That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to pay overtime compensation due, failing to pay at least minimum wages for all hours worked, failing to provide meal and rest periods or premium wages in lieu thereof, failing to provide accurate wage statements, and failing timely to pay all earned wages during employment and upon termination;

43.    For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

CIV SB 2 1 2 3 0 6 6

44. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

45. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

46. For such other and further relief as the Court may deem equitable and appropriate.

Dated: August 11, 2021                                    Respectfully submitted,

                                                          The Bainer Law Firm

                                                  By:

                                                          Matthew R. Bainer, Esq.

                                                          Attorneys for Plaintiff Dallan Escobar

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew R. Bainer (No. 220972)<br>1901 Harrison St., Ste. 1100<br>Oakland, CA 94612<br>mbainer@bainerlawfirm.com<br>TELEPHONE NO.: 510-922-1802   FAX NO.: 510-844-7701<br>ATTORNEY FOR *(Name):* Dallan Escobar | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>AUG 1 1 2021<br><br>BY _____<br>JUSTIN MANASSEE, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Bernardino
STREET ADDRESS: 247 West Third Street, San Bernardino, CA 92415
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino Justice Center

CASE NAME:
Escobar v. Amazon.com, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CIVSB 2 1 2 3 0 6 6<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed *(see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
a. ☑ Large number of separately represented parties      d. ☑ Large number of witnesses
b. ☑ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
c. ☑ Substantial amount of documentary evidence         f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c.☐ punitive
4. Number of causes of action *(specify):* Eight
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 11, 2021

Matthew R. Bainer, Esq.
_____
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all**
other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |



## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

CIV SB **2 1 2 3 0 6 6**

DALLAN ESCOBAR

Case No.: _____

vs.

**CERTIFICATE OF ASSIGNMENT**

AMAZON.COM, LLC, et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the Civil Division of San Bernardino District of the Superior Court under Rule131 and General Order of this court for the checked reason:

■ General    ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | _____ |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Amazon.com, LLC                                    5450 E. Francis Street
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR          ADDRESS

Ontario                          CA                    91761
CITY                            STATE                 ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on August 11, 2021       at Oakland, CA                                    , California.

_____
Signature of Attorney/Party

Form # 13-16503-360          CERTIFICATE OF ASSIGNMENT          Rev. June 2019
Mandatory Use